IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 15, 2001 Session

## STATE OF TENNESSEE v. JERRY W. JORDAN

**Appeal from the Circuit Court for Davidson County**
**No. 96-C-1641      Seth Norman, Judge**

---

**No. M1999-00813-CCA-R3-CD Filed October 11, 2001**

---

JOE G. RILEY, J., concurring in part and dissenting in part.

I agree with the majority opinion in all respects except for the failure to charge the lesser-included offense.  Although I agree with the majority's conclusion that the failure to charge reckless homicide was error, I would find the failure to charge the lesser offense harmless beyond a reasonable doubt.

Our supreme court has held that, by finding a defendant guilty of the highest offense to the exclusion of the immediately lesser offense, all other lesser offenses were necessarily rejected. State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998).  Although the jury convicted the defendant of second degree murder as opposed to the "highest offense" charged of first degree murder, the Williams rationale applies.  Since the jury found the defendant guilty of second degree murder and not voluntary manslaughter, it necessarily rejected all other lesser offenses below second degree murder.  The rejection of all other lesser offenses includes reckless homicide, which was not charged, and criminally negligent homicide, which was charged.

I further disagree with the majority's conclusion that there was no evidence of adequate provocation in the record.  Based upon the evidence introduced at trial, I would conclude that it was a question for the jury whether the defendant was adequately provoked. *See* State v. Johnson, 909 S.W.2d 461, 464 (Tenn. Crim. App. 1995).

The recent case of State v. Bowles, ___ S.W.3d ___ (Tenn. 2001), found harmless error in the failure to charge sexual battery as a lesser-included offense of aggravated rape, for which the defendant was convicted.  The court noted the trial court charged the lesser-included offenses of rape and aggravated sexual battery, and "[e]ither of these lesser-included offenses would be considered more serious than sexual battery. . . . [I]t seems highly improbable that it would have chosen to [find defendant guilty of sexual battery] when it had declined to consider other, more serious lesser-included offenses." *Id.* at ___.

The jury convicted the defendant of second degree murder and declined to consider voluntary manslaughter, which is a "more serious offense" than reckless homicide. I, therefore, would conclude the failure to charge reckless homicide was harmless beyond a reasonable doubt. I would remand for a hearing on the Batson issue.

_____
JOE G. RILEY, JUDGE